IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY ELIZABETH BUSTAMANTE, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:20-CV-1187-D |
| VS. § | |
| § | |
| CITY OF DALLAS, TEXAS, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this action for employment discrimination, defendant City of Dallas ("City") moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), contending that plaintiff Mary Elizabeth Bustamante's ("Bustamante's") claims are barred by res judicata. Bustamante has not responded to the motion. Concluding that Bustamante's lawsuit is barred on this basis, the court grants the City's motion and enters judgment dismissing this case.

I

Bustamante was formerly employed by the City of Dallas in the sanitation department. In 2017 she sued the City in state district court for national origin and sex discrimination and retaliation under Chapter 21 of the Texas Labor Code. *See Bustamante v. City of Dallas*, No. DC-17-12886 (44th Dist. Court, Dallas Cnty., Tex.) ("State Lawsuit"). After discovery, the City filed a plea to the jurisdiction with evidence, arguing that there was insufficient evidence that Bustamante's claims fell within the limited waiver of the City's governmental immunity from suit under Chapter 21 of the Texas Labor Code, the Texas Commission on

Human Rights Act. Bustamante then amended her petition, and the City filed an amended plea to the jurisdiction, which the state court granted, dismissing with prejudice[1] all of Bustamante's claims for want of subject matter jurisdiction. D. App. 76. Bustamante did not appeal.

Nearly two years later, Bustamante filed the instant lawsuit in this court, alleging that the City paid her less than her counterparts due to her sex and national origin, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* The City moves to dismiss this action on the ground that it is barred by res judicata. Bustamante has not responded to the motion.[2]

II

"Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed

---

[1]Although the nature of the state-court dismissal is not at issue in resolving the City's motion, the court notes that, in federal court, while "[o]rdinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court," there is an exception to this rule when "the bar of sovereign immunity is absolute[.]" *Henry v. United States*, 2006 WL 3780878, at *5 n.2 (N.D. Tex. Dec. 26, 2006) (Fitzwater, J.) (quoting *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir.1988) (per curiam), and citing *Bloomquist v. Brady*, 894 F. Supp. 108, 116 (W.D.N.Y.1995) ("A dismissal based on sovereign immunity is a decision on the merits, as it determines that a party has no cause of action or substantive right to recover against the United States.")). The state-court dismissal with prejudice in this case appears to rest on similar reasoning, albeit under state law.

[2]The City filed its motion on October 26, 2020, making Bustamante's response due on November 16, 2020. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract."); *EPCO Carbon Dioxide Prods., Inc. v. J.P. Morgan Chase Bank, N.A.*, 467 F.3d 466, 470 (5th Cir. 2006) ("Although dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint."); *Kansa Reinsurance Co. v. Congressional Mtg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) ("[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." (citing *Clark*, 794 F.2d at 970)).

The Fifth Circuit has affirmed the granting of a Rule 12(b)(6) motion on res judicata grounds. *See Smith v. Waste Mgmt., Inc.*, 407 F.3d 381, 386-87 (5th Cir. 2005). This court has also dismissed claims based on a res judicata defense raised by a Rule 12(b)(6) motion to dismiss. *See Yeckel v. The Carl B. & Florence E. King Found. Retirement Pension Plan & Welfare Benefit Program*, 2006 WL 2434313, at *7 (N.D. Tex. Aug. 21, 2006) (Fitzwater, J.). Thus if a res judicata defense is established on the face of Bustamante's complaint, it is a proper ground for dismissal.

In deciding the City's motion, the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re*

- 3 -

*Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a motion to dismiss, Bustamante must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.; see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "a formulaic recitation of the elements of a cause of action will not do." *Id*. (quoting *Twombly*, 550 U.S. at 555).

Additionally, "[f]ederal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss." *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir. 1995). Therefore, the court may rely on filings in the State Lawsuit in determining whether,

- 4 -

on the face of Bustamante's complaint, it appears that her claims are barred by res judicata.

III

The City maintains that Bustamante's claims are barred by res judicata because the state court's dismissal of Bustamante's claims constitutes a final judgment on the merits; the parties to this lawsuit are identical to the parties in the State Lawsuit; and the claims asserted in this lawsuit arise out of the same alleged facts asserted in the State Lawsuit—i.e., that Bustamante was paid less than her counterparts and subjected to a hostile work environment due to her national origin and sex. As noted, Bustamante has not responded to the City's motion.

Res judicata (or claim preclusion), in contrast to the narrower doctrine of issue preclusion, bars all claims that were or could have been advanced in support of a cause of action on the occasion of its former adjudication. *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 (5th Cir. 1983) (en banc). In determining whether the present suit is barred by the judgment in the State Lawsuit, the court applies state law. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 756 (5th Cir. 1996). Texas courts follow the transactional approach in determining claim preclusion. "A subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit." *Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 631 (Tex. 1992). To establish that a claim is barred by res judicata, a party must show the following: (1) a prior final judgment on the merits rendered by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second

action based on the same claims as were raised or could have been raised in the first action. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) (citing *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771-72 (Tex. 1979)); *see also Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992). To decide whether the instant suit involves the same cause of action as the State Lawsuit, the court examines whether the "plaintiff bases the two actions on the same nucleus of operative facts." *Travelers Ins. Co. v. St. Jude Hosp.*, 37 F.3d 193, 195 (5th Cir. 1994).

From a comparison of Bustamante's petition in the State Lawsuit, her complaint in this case, and the decision of the Texas court in the State Lawsuit, it is clear that (1) the parties are identical or in privity with parties to both suits; (2) the judgment in the State Lawsuit was a final judgment on the merits rendered by a court of competent jurisdiction; and (3) the same cause of action is involved in both cases, in that the instant suit alleges discrimination on the basis of national origin and sex arising out of the same set of facts as was alleged in the State Lawsuit, and Bustamante could have, and did, bring the same claims for discrimination and hostile work environment in the State Lawsuit.

Accordingly, the court holds that Bustamante's claims in the present case are barred by res judicata, and it grants the City's motion to dismiss this lawsuit with prejudice based on that doctrine.

\* \* \*

The court grants the City's motion to dismiss and dismisses this case by judgment filed today.

**SO ORDERED**.

December 4, 2020.

                                                 _____
                                                 SIDNEY A. FITZWATER
                                                 SENIOR JUDGE